FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 2 8 2006

DAVID J. MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL CHRISTOPHER PENLEY | § | |
| VS. | § | CIVIL ACTION NO. 4:03cv301 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Paul Christopher Penley, an inmate in the Texas Department of Criminal Justice, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied and dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law.

See FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

Petitioner objects that the state court record, upon which the magistrate judge bases findings of historical fact, is incomplete and not before the court, including, but not limited to, Petitioner's first state court criminal trial. The magistrate judge relied on, and provided a citation for, a published state court opinion for his findings of historical fact. *See Penley v. State*, 2 S.W.3d 534, 536 (Tex. App. - Texarkana Aug. 23, 1999). Petitioner also complains that the magistrate judge does not mention a subsequent civil trial in which Petitioner was sued by the victim's insurance company to recover death benefits paid to the decedent's estate by reason of her death in the accident with Petitioner. However, Petitioner's first criminal trial, which ended with a hung jury, and the civil case concerning the victim's insurance company suing Petitioner are not the subject matter of this petition for writ of habeas corpus attacking the validity of the conviction Petitioner received as the result of the second criminal trial.

Petitioner also argues that he was denied the equal protection of the laws under the Fourteenth Amendment. The Equal Protection clause of the Fourteenth Amendment mandates that no state shall

2

"deny to any person within its jurisdiction the equal protection of the laws." The Equal Protection clause directs that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 n. 15 (5th Cir.2001). "If the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action-even if irrational-does not deny them equal protection of the laws." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir.1997), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir.1988)) (citation omitted). If a law neither burdens a fundamental right nor targets a suspect class, it will be upheld so long as it bears a rational relation to some legitimate end. *See Romer v. Evans*, 517 U.S. 620, 631, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996). Petitioner's allegations fail to establish a violation of the Equal Protection clause; thus, Petitioner has failed to demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In this habeas petition, Petitioner requests that the court set aside his criminal conviction based on blood evidence no longer in existence because, without the blood evidence, Petitioner cannot now show that it might not have been his blood that was introduced at trial. However, Petitioner had access to the blood sample for testing purposes at the time of trial.[1] Petitioner could have had DNA testing performed prior to the 1998 criminal trial, had he chosen to do so. Further, counsel admits in his objections that the right of which Petitioner now complains, the state-created right to post-conviction DNA testing, did not accrue until after Petitioner's conviction became final.

---

[1] There is some question whether the results of DNA testing would have been reliable in 1998, and especially in 2002, because of the quality of the sample. However, Petitioner does not contest that he could have had the blood tested for DNA prior to the trial resulting in his conviction. In his objections, Petitioner states that "[a]fter the first trial and before the second criminal trial, Petitioner moved the Court for access to the blood evidence for the purpose of testing it, not for DNA, but in an attempt to determine whether microbial contamination had occurred to the blood sample...." Petitioner's Objections at *12 "Petitioner's expert concluded that the blood, because of its treatment before and after the first trial, had degraded to the point that such testing could not be made." Id. Additionally, on January 31, 1998, counsel told the Plano Star Courier that the defense had attempted to have new toxicology tests performed on the remaining blood from a sample Penley gave to police over two years before. However, those tests would have been fruitless and inconclusive because too much time had passed for accurate testing. Brief for Appellant, No. 06-98-00082-CR (Tex. App. - Texarkana Jan. 28, 1999); Ben Tinsley, *Penley found guilty in 1995 traffic death*, PLANO STAR COURIER, Jan. 31, 1998, at Section A, 1, 7. Petitioner has made reference to no motion for DNA testing made prior to trial which was denied by the trial court.

For the reasons set forth in the magistrate judge's Report and in this Memorandum, Petitioner's claims for relief are barred by limitations and are without merit.

### O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this 25th day of August, 2006.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

5